1    **WO**

2

3

4

5

6              **IN THE UNITED STATES DISTRICT COURT**

7                  **FOR THE DISTRICT OF ARIZONA**

8

| | |
|---|---|
| 9    ALC Power Road LLC, | No. CV-23-02591-PHX-DWL |
| 10              Plaintiff, | **ORDER** |
| 11    v. | |
| 12    Nationwide General Insurance Company, et al., | |
| 13 | |
| 14              Defendants. | |

15         The Court has an independent obligation to determine whether it has subject-matter

16  jurisdiction. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).  Pursuant to

17  Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any

18  time that it lacks subject-matter jurisdiction, the court must dismiss the action."

19         Defendant removed this action solely on the basis of diversity jurisdiction.  (Doc.

20  1.)    The  party  seeking  to  invoke  diversity  jurisdiction  has  the  burden  of

21  proof, *Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir. 1986),  by  a  preponderance  of  the

22  evidence. *McNatt v. Allied-Signal, Inc.*, 972 F.2d 1340 (9th Cir. 1992); *see* 13B Federal

23  Practice  §  3611  at  521  &  n.  34.    There  is  a  strong  presumption  against  removal

24  jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction

25  must be rejected if there is any doubt as to the right of removal in the first instance.").

26  "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be

27  able  to  allege  affirmatively  the  actual  citizenship  of  the  relevant  parties."    *Kanter v.*

28  *Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

1  Diversity jurisdiction exists when there is complete diversity of citizenship between

2  the plaintiffs and the defendants and the amount in controversy exceeds $75,000, exclusive

3  of interests and costs.  28 U.S.C. § 1332.  A controversy meets this requirement when "all

4  the persons on one side of it are citizens of different states from all the persons on the other

5  side." *Strawbridge v. Curtiss*, 7 U.S. 267 (1806).  Here, the Notice of Removal is facially

6  deficient because it fails to affirmatively set forth the facts necessary to determine all

7  parties' citizenship.

8  Defendant has not alleged facts sufficient to establish the citizenship of Plaintiff

9  ALC Power Road LLC.  An LLC "is a citizen of every state of which its owners/members

10  are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir.

11  2006).  Thus, to properly establish diversity jurisdiction "with respect to a limited liability

12  company, *the citizenship of all of the members must be pled.*"  *NewGen, LLC v. Safe Cig,*

13  *LLC*, 840 F.3d 606, 611 (9th Cir. 2016) (emphasis added).  Defendant must list the

14  members of each LLC and affirmatively allege the citizenship of each, using the proper

15  legal standard for each—alleging the place of domicile[1] for members who are natural

16  individuals, the place of incorporation and principal place of business for members that are

17  corporations, and, if any of the LLC's members are LLCs, the citizenship of each of the

18  member LLC's members must be alleged, again using the proper legal standards.

19  To cure this pleading deficiency, the Court will require Defendant to file an

20  amended notice of removal that  affirmatively alleges Plaintiff's citizenship under the

21  correct legal standard.  *Star Ins. Co. v. West*, 2010 WL 3715155, *2 (D. Ariz. 2010); *see*

22  *also NewGen*, 840 F.3d at 612 ("Courts may permit parties to amend defective allegations

23  of jurisdiction at any stage in the proceedings.").  Defendant is advised that failure to timely

24  comply with this order shall result in the remand of this action without further notice for

25  lack of subject-matter jurisdiction.

26  To ensure that the requirements of subject-matter jurisdiction are met, the Court will

27  require Plaintiff to file a notice informing the Court of its citizenship.

28

---

[1]  An individual's state of domicile is "her permanent home, where she resides with the intention to remain or to which she intends to return."  *Kanter,* 265 F.3d at 858-59.

- 2 -

1    Accordingly,

2    **IT IS ORDERED** that Plaintiff shall file a notice informing the Court of the

3    citizenship of all of its members by **January 10, 2024**.

4    **IT IS FURTHER ORDERED** that Defendant shall file an amended notice of

5    removal properly stating a jurisdictional basis for this action no later than **January 17,**

6    **2024.**

7    **IT IS FURTHER ORDERED** that if Defendant fails to file an amended notice of

8    removal by **January 17, 2024**, the Clerk of Court shall remand this action to state court

9    without further notice.

10    Dated this 3rd day of January, 2024.

11

12

13    _____

14    Dominic W. Lanza
      United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28