**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ALC Power Road LLC, | No. CV-23-02591-PHX-KML |
| Plaintiff, | **ORDER** |
| v. | |
| Nationwide General Insurance Company, et al., | |
| Defendants. | |

On January 17, 2025, the parties filed another notice of discovery dispute. (Doc. 60.) According to that notice, plaintiff ALC Power Road LLC believes the declarations provided by Ryan Hill, a Nationwide claims manager, are insufficient. The court previously ordered Nationwide to produce any "additional communications . . . but if no communications exist, Nationwide must provide an affidavit stating no additional communications exist." (Doc. 50 at 2.) Hill's declarations state "the claim file contains no other correspondence or emails other than what Nationwide has already produced." (Doc. 60-3 at 2.) That complies with the court's order and ALC Power Road is not entitled to anything further.

ALC Power Road also believes Nationwide's privilege log is insufficient. Rule 26(b)(5)(A)(ii) requires a privilege log "describe the nature of the documents, communications, or tangible things not produced or disclosed . . . in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." *See, e.g.*, *Skyline Wesleyan Church v. California Dep't of Managed Health Care*,

322 F.R.D. 571, 584 (S.D. Cal. 2017) (discussing general requirements for adequate privilege log). Nationwide's privilege log identifies documents by their date, description, which privilege applies, and the type of communication. (Doc. 60-4 at 5.) Given the circumstances of this case, the privilege log is adequate.

**IT IS ORDERED** based on the present record Nationwide is not required to provide an additional declaration or supplement its privilege log.

Dated this 22nd day of January, 2025.

Honorable Krissa M. Lanham
United States District Judge

- 2 -